IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VINCENT ELLISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-686-MHT |
| ) | [WO] |
| ) | |
| CIRCUIT COURT OF AUTAUGA ) | |
| COUNTY, ALABAMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Vincent Ellison, an indigent inmate confined in the Autauga Metro Jail since July 5, 2017 awaiting trial on six counts of possession of a forged instrument.[1] In the complaint, Ellison complains that his cases have been continued for trial without justification and argues that the cases should be dismissed because there is insufficient evidence to support the charges lodged against him. Doc. 1 at 2. Ellison names as defendants the Circuit Court of Autauga County, Alabama; Ben Fuller, the judge presiding over his state criminal proceedings; and Debra Hill, the Circuit Clerk. Ellison seeks declaratory relief,

---

[1] The court takes judicial notice of the case action summary for Ellison's pending criminal cases as maintained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of a state's online judicial system). The state-court record establishes that a duly empaneled grand jury for Autauga County issued an indictment on March 17, 2017 charging Ellison with six counts of possession of a forged instrument. On July 5, 2017, law enforcement officials arrested Ellison on these charges and placed him in the Autauga Metro Jail.

injunctive relief in form of dismissal of the pending criminal charges and monetary damages. Doc. 1 at 2.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

## II.  DISCUSSION

### A.   Circuit Court of Autauga County, Alabama

"The law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983" and, thus, are not subject to suit or liability in such actions. *Harris v. Elmore Cnty. District Attorney's Office*, 2013 WL 1084294, at *1 (M.D. Ala. Jan. 13, 2013) (unpublished); *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988) (holding that a court is not a "person" within the meaning of that term as used in § 1983); *Coopersmith v. Supreme Ct., St. of Colo.*, 465 F.2d 993, 994 (10th Cir. 1972) (holding that state courts are not proper defendants in 42 U.S.C. § 1983 actions); *Zuckerman* v. *Appellate Division, Second Dept., Supreme Ct. of St. of N.Y.*, 421 F.2d 625, 626 (2d Cir. 1970) (same); *Moity v. La. Bar Ass'n*, 414 F. Supp. 180, 182 (E.D. La. 1976), *affirmed*, 537 F.2d 1141 (5th Cir. 1976) (same).

---

[2] The court granted Ellison leave to proceed *in forma pauperis* in this case. Doc. 3.  A prisoner granted *in forma pauperis* status will have his complaint screened pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

**B.     Judge Ben Fuller and Circuit Clerk Debra Hill**

Ellison alleges that Judge Ben Fuller violated his constitutional rights and acted in violation of the Alabama Rules of Court and the Alabama Canons of Judicial Ethics when he issued orders continuing the trial in Plaintiff's criminal cases for possession of forged instruments. Doc. 1 at 1–2.  Ellison also argues that Hill acted in violation of his constitutional rights when she continued his trial in accordance with Judge Fuller's orders. Doc. 1 at 2.  The claims against Judge Fuller and Hill entitle Ellison to no relief in this cause of action.

   *1.     Request for Monetary Damages*

All of the allegations made by Ellison against Judge Fuller emanate from actions taken by this defendant in his judicial capacity during state-court proceedings over which he had jurisdiction, but a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227–29 (1988); *Paisey v. Vitale*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Consequently, Ellison's claims for monetary damages against Judge Fuller are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In as much as Ellison seeks relief from Hill for the continuance of his case, he is likewise entitled to no relief.  When a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to

the clerk. *Williams v. Wood*, 612 F.2d 982,985 (5th Cir. 1980). Thus, Hill is entitled to absolute immunity from damages for the claims lodged against her.

For these reasons, the claims for damages against Judge Ben Fuller and Debra Hill are due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

### 2.   *Request for Relief for Declaratory and Injunctive Relief*

Ellison challenges the validity of the criminal proceedings currently pending against him before the Circuit Court of Autauga County. Specifically, Ellison argues that the state court has improperly delayed his trial and further alleges that the State does not have sufficient evidence to support the charges. Doc. 1 at 2. Ellison requests that this court deem the challenged actions unconstitutional and enjoin his criminal prosecution.

In *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals which could enjoin or hinder a criminal prosecution against them in state court. The Court in *Younger* "recognized a limited exception to a federal court's virtually unflagging obligation to exercise its jurisdiction when extraordinary circumstances counsel abstention in favor of pending state proceedings." *Seminole Tribe of Fla. v. Stranburg*, 799 F.3d, 1324, 1344 n.15 (11th Cir. 2015) (internal quotation marks and citation omitted). The circumstances warranting *Younger* abstention "are exceptional" and such circumstances "include . . . state criminal prosecutions[.]" *Sprint Comms. Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (internal quotation marks omitted). "Attentive to the principles of equity, comity, and

4

federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). "*Younger* and its progeny reflect the longstanding national public policy, based upon principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Jud. Inquiry Comm.*, 245 F.3d 1257, 1261 (11th Cir. 2001).

*Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43–45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required when state criminal judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden St. Bar Assoc.*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

The requisite elements for *Younger* abstention are present in this case. First, Ellison is currently confined on the criminal charges lodged against him in March 2017

and awaiting action by the state court on these charges. Secondly, it is without dispute that enforcement of criminal laws is an important state interest. Finally, Ellison may raise his claim challenging the delay in bringing him to trial in the pending state-court proceedings by filing a motion for speedy trial with the trial court and, if unsuccessful, he may seek relief from any orders issued by the trial court by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. *See Ex parte Anderson*, 979 So. 2d 777 (Ala. 2007). Since Ellison is represented by counsel in the state proceedings, counsel should file the mandamus petition with the appellate court. *Id*. If he fails to obtain relief before the Alabama Court of Criminal Appeals on his speedy trial claims, Ellison may seek mandamus relief before the Alabama Supreme Court. Ellison may also raise his sufficiency-of-the-evidence claim in both the trial and appellate courts.

This case therefore fits within *Younger*'s purview. Even so, the *Younger* doctrine is not absolute, and exceptions to abstention include cases in which (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing that the state proceedings are motivated by bad faith or harassment; or (4) other exceptional circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972).

In this case, Ellison has failed to allege any facts which warrant application of the exceptions to *Younger* abstention. The claims alleging undue delay in setting his case for trial and insufficient evidence do not assert the type of bad faith or harassment that would

6

justify the relief he seeks from this court—a declaration that the state court has violated his sixth Amendment right to a speedy trial and the dismissal of his pending state criminal cases. Additionally, the mere fact that Ellison must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, insofar as Ellison seeks injunctive or declaratory relief via § 1983, the complaint is due to be dismissed because equity, comity, and federalism concerns require the court to abstain from considering these claims.[3]

**C.    Supplemental Jurisdiction**

To the extent Ellison seeks relief from this court on pendent state-law claims regarding alleged rules and ethics violations, he is entitled to no relief. Review of any pendent claim arising under state rules of court or judicial canons is only appropriate upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Ellison's state claims is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a common nucleus of operative fact.

---

[3] Once Ellison properly exhausts his claims in the state courts, he may then seek federal habeas relief in this court.

7

*L.A. Draper & Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984) (citations and internal quotation marks omitted). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper & Son*, 735 F.2d at 428.

Since the federal claims presented by Ellison provide no basis for relief in the instant cause of action, the court concludes that the pendent state claims are due to be dismissed. *Gibbs*, 383 U.S. at 726 (holding that if the federal claims are dismissed prior to trial the state claims should be dismissed as well); *see also Ray v. Tenn. Valley Auth.*, 677 F.2d 818 (11th Cir. 1982). The court therefore recommends that the district court decline to exercise supplemental jurisdiction over the state claims alleging rules and ethics violations and make no determination with respect to the merits of these claims.

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.   Plaintiff's claims for damages against Judge Ben Fuller and Debra Hill be DISMISED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.   Plaintiff's requests for declaratory and injunctive relief related to the pending criminal charges be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine.

3.   Plaintiff's pendent state claims be dismissed without prejudice to the rights of the plaintiff to seek relief on these claim before the appropriate state tribunal.

    4.    This case be summarily dismissed.

On or before **September 18, 2018**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of September, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE